El Pueblo de Puerto Rico, demandante y recurrido, *v.* Héctor Torres Rodríguez, demandado y peticionario.

*Número:* CE-94-471        *Resuelto:* 24 de octubre de 1994

*José Enrique Ayoroa Santaliz,* abogado del peticionario; *Carlos Lugo Fiol, Subprocurador General,* y *Aida Ileana Oquendo Graulau, Procuradora General Auxiliar,* abogados de El Pueblo.

## SENTENCIA

Al peticionario Héctor Torres Rodríguez se le acusó por una infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2401. La defensa solicitó que se citara como testigo a Edwin Rodríguez Figueroa, c/p Laboy, quien alegadamente participó en la transacción por la cual se acusa al peticionario como un confidente pagado por la Policía de Puerto Rico. El foro de instancia denegó dicha solicitud por no haberse establecido la pertinencia y materialidad del testigo.

Así las cosas, el acusado presentó un escrito mediante el cual expresó que la identidad del confidente ya había sido revelada; que no se trataba de un testigo anunciado por el Ministerio Público, y que tampoco se trataba de un funcionario público. Indicó "que el imputado del delito no está en la obligación de establecer la pertinencia y materialidad del testigo de defensa cuya citación compulsoria [se] solicita ...". Anejo II, pág. 3. Que sólo estaba solicitando la citación compulsoria de Edwin Rodríguez Figueroa como testigo de la defensa. El tribunal se reafirmó en su decisión de no acceder a lo solicitado.

Inconforme, el acusado acudió ante nos mediante una petición de *certiorari* en la cual plantea que erró el tribunal de instancia al denegar la citación compulsoria del testigo

Edwin Rodríguez Figueroa, c/p Laboy, quien tiene conocimiento de los hechos que se van a ventilar.

El 12 de agosto de 1994 paralizamos el juicio en los méritos señalado para el 15 de agosto de 1994 y ordenamos al Ministerio Público que, "[t]omando en consideración, según alega el peticionario, que el Ministerio Fiscal no se opuso ni se opone a la citación del Sr. Edwin Rodríguez Figueroa c/p Laboy, muestre causa el Procurador General, dentro del término de quince (15) días, contados a partir de la notificación de esta resolución, por la cual no debamos expedir el auto solicitado y revocar la resolución del tribunal de instancia y ordenar que se cite al Sr. Edwin Rodríguez Figueroa c/p Laboy". Resolución de 12 de agosto de 1994.

El Procurador General ha comparecido y se allana a lo solicitado. Procede resolver según lo intimado.

En *Pueblo v. Acosta Escobar*, 101 D.P.R. 886, 889–893 (1974), ante una situación parecida resolvimos:

> El derecho a obtener la comparecencia compulsoria de testigos está íntimamente relacionado con el debido procedimiento de ley, y ha sido reconocido y mantenido por este Tribunal desde mucho antes de la vigencia del actual sistema constitucional.
>
> .   .   .   .   .   .   .   .   .
>
> Descorrido el velo que oculta la indentidad del confidente, cumplido ya su oficio, constituye abuso de discreción no acceder a una solicitud oportunamente hecha por el acusado para que se le cite, a menos que existan razones que justifiquen tal negativa.

Como bien indica el Procurador General, "la persona que la defensa interesa como testigo es un confidente de la Policía que participó en los hechos por los cuales se está procesando al peticionario. En este sentido, nos parece obvia la pertinencia y materialidad de la declaración del testigo". Escrito en cumplimiento de orden, pág. 3.

Por todo lo antes expuesto, *se deja sin efecto nuestra orden paralizando la celebración del juicio en los méritos, se expide el auto solicitado y se dicta sentencia donde se*

*revoca la resolución denegando la citación del Sr. Edwin Rodríguez Figueroa, c/p Laboy, como testigo de la defensa. Por razones de la seguridad personal del potencial testigo Rodríguez Figueroa, se ordena que la citación se haga a través de la Fiscalía del Distrito de Ponce. Y, por último, se devuelve el caso al foro de instancia para que continúen los procedimientos de forma compatible con lo aquí expresado.*

Así lo pronunció, manda el Tribunal y certifica el señor Secretario General. El Juez Presidente Señor Andréu García no intervino. El Juez Asociado Señor Rebollo López concurrió con opinión escrita.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión de conformidad emitida por el Juez Asociado Señor Rebollo López.

Este Tribunal, no hay duda, tiene una pesada carga de trabajo. La misma se debe, en primer lugar, al aumento vertiginoso que ha tenido la litigación civil en los últimos años, posiblemente debido dicho aumento a lo complicada que se ha tornado la vida diaria en nuestra sociedad y al aumento en el número de abogados admitidos a practicar en nuestra jurisdicción; lo cual hace más asequible a los ciudadanos de este País su comparecencia ante el foro judicial en reclamación de sus derechos. En segundo término, la creciente ola de criminalidad que azota este noble Pueblo; la cual, naturalmente, ha tenido la consecuencia de inundar las Salas de lo Criminal del Tribunal de Primera Instancia.

Dicha pesada carga de trabajo, la cual tiene la *indeseable consecuencia de retrasar la solución final* de los recursos que acogemos y venimos en la obligación de resolver, se

hace aún más difícil por las actuaciones, en ocasiones, incomprensibles, de algunos de los jueces del referido Tribunal de Primera Instancia. *El presente recurso es un vivo ejemplo de ello.*

Tenemos, *no hay duda,* la gran fortuna de que la inmensa mayoría de los jueces de instancia actúan conforme a derecho, al sentido común y a la lógica. Si en el presente caso así se hubiera actuado a nivel de instancia, *no* hubiera sido necesario que la representación legal del imputado de delito hubiera tenido que radicar un recurso, *ni* este Tribunal hubiera tenido que examinar y estudiar el mismo, *ni* se hubiera tenido que paralizar un juicio criminal ya comenzado, *ni* el Procurador General hubiera tenido que comparecer allanándose a la orden de mostrar causa emitida, *como tampoco* se hubiera tenido que emitir la Sentencia que hoy el Tribunal certifica. Esto es, nadie hubiera tenido que perder precioso tiempo, el cual se puede dedicar a resolver otros casos, y el caso criminal que ante el foro de instancia se está ventilando ya hubiera terminado.

Todos debemos hacer un esfuerzo por acelerar el trámite judicial; *ello con el propósito de que la ciudadanía de este País sea la beneficiaria de decisiones judiciales correctas y rápidas.* Determinaciones o decisiones como la que aquí hemos revisado ciertamente no ayudan a la consecución de ese objetivo.