Daniel Juan Vázquez y otros, demandantes y recurridos, *v.* John Michael Puig Ramos y otros, demandados y peticionarios.

*Número:* CC-95-68          *Resuelto:* 6 de octubre de 1995

*René Esteves Tristani* y *Ramón E. Dapena,* abogados de los peticionarios; *Jorge M. Torres Gómez* y *Ginoris Vizcarra,* de *López-Lay,* abogados de los recurridos.

## RESOLUCIÓN

A la anterior petición de *certiorari, no ha lugar.*

La nueva Ley de la Judicatura de Puerto Rico de 1994 —Ley Núm. 1 de 28 de julio de 1994 (4 L.P.R.A. sec. 22 *et seq.*)— creó el Tribunal de Circuito de Apelaciones y consolidó en un sólo Tribunal de Instancia las secciones del Superior y de Distrito.

Este ordenamiento exige una mayor rigurosidad en la práctica apelativa ante este Tribunal, en lo referente a la doctrina vigente sobre frivolidad y temeridad y a la consabida imposición de sanciones o de honorarios de abogados.

Apercibimos a los abogados de que, en el futuro, los recursos frívolos estarán expuestos a tales sanciones.

*Publíquese.*

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López emitió un voto concurrente y disidente.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— o —

Voto concurrente y disidente emitido por el Juez Asociado Señor Rebollo López.

Una somera lectura de la resolución emitida por el Tribunal en el presente caso, denegatoria la misma del recurso radicado por la parte peticionaria John Puig, es todo lo que se necesita para poder uno percatarse del hecho de que el Tribunal ha denegado el recurso radicado por razón de que entiende que el mismo es uno completamente frívolo.

Procede, entonces, que uno se pregunte por qué el Tribunal no ha impuesto una sanción económica a dicha parte peticionaria o a su representación legal. Ciertamente, la vigente Ley de la Judicatura de Puerto Rico de 1994 y nuestro Reglamento así lo contemplan y autorizan.[1]

En el pasado hemos señalado que nuestra pesada carga de trabajo se hace aún más complicada debido a " 'las actuaciones, en ocasiones, incomprensibles de algunos de los jueces del ... Tribunal de Primera Instancia' ". *Cotto v. Depto. de Educación*, 138 D.P.R. 658, 666 (1995), opinión de conformidad, citando a *Pueblo v. Torres Rodríguez*, 137 D.P.R. 312 (1994), opinión de conformidad.

En adición, hemos cuestionado por qué el Tribunal no ha actuado con firmeza, *imponiendo sanciones económicas,*

---

[1] Véanse: Art. 3.002 de la Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1 de 28 de julio de 1994 (4 L.P.R.A. sec. 22i); Regla 31 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI.

en situaciones en que se han radicado ante este Foro recursos obviamente frívolos; la radicación de los cuales, *igualmente*, sobrecarga nuestro calendario. Véase *Roche Products, Inc. v. Mun. de Manatí*, 134 D.P.R. 659 (1993), opinión concurrente y disidente. No hay duda de que ambas situaciones —actuaciones judiciales a nivel de instancia obviamente erróneas y la radicación de recursos frívolos— impiden que dediquemos nuestro tiempo y esfuerzo a recursos más meritorios y que plantean importantes controversias de derecho.

En lo pertinente al caso hoy ante nuestra consideración, la situación es un tanto más seria. Al igual que en el caso *Roche Products, Inc. v. Mun. de Manatí*, ante, el recurso frívolo es radicado por un importante y prestigioso bufete de abogados, los integrantes del cual ciertamente deberían de "saber mejor". El hecho de que ello suceda da que pensar.

Como expresáramos en *Roche Products, Inc. v. Mun. de Manatí*, ante, págs. 666–667, "la radicación de recursos frívolos ante los tribunales de justicia se debe, *en términos generales*, a una (1) de tres (3) explicaciones, *a saber*: crasa incompetencia profesional y/o negligencia en el ejercicio de la profesión; la intención, o necesidad, de cobrarle honorarios innecesarios y excesivos a un cliente adinerado, o la creencia de que se puede engañar al foro judicial". (Énfasis en el original.) Deseamos pensar que en el presente caso hay otra explicación.

Concurrimos, naturalmente, con la denegatoria, por razón de frivolidad, del recurso radicado. Disentimos de la determinación de no imponer sanciones económicas a la parte peticionaria John Michael Puig y/o a su representación legal, el Bufete Goldman, Antonetti & Córdova.